IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RUTH RICHTER, | |
| Plaintiff, | 8:20CV185 |
| vs. | |
| UNITED STATES POSTAL SERVICE, | MEMORANDUM AND ORDER |
| Defendant. | |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

## I. SUMMARY OF COMPLAINT

Plaintiff sues the United States Postal Service for negligently failing to deliver an order issued by this court in another one of her cases, causing the case to be temporarily dismissed due to her failure to respond to the order. Plaintiff states that the case was revived after she brought the matter to this court's attention, but "[t]ime was lost and it was costly" because had she properly received the court's order, her case "would have and should have been heard before the Chinese flu situation stalled the Def. in that case's investigation/and their Answer."[1] (Filing 1.)

---

[1] Although Plaintiff does not identify which case was allegedly affected by the lost mail, the court believes it to be *Richter v. Social Security Administration*, No. 8:19CV340 (D. Neb.). In that case, see Filing 8 (Memorandum and Order dismissing case for failure to file amended complaint) (now withdrawn); Filing 9 (Judgment dismissing case without prejudice) (now set aside and vacated); Filing 10

## II. DISCUSSION

Under 28 U.S.C. § 2674 (Westlaw 2020), part of the Federal Tort Claims Act ("FTCA"), "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ." However, such liability cannot result from claims covered by the "postal-matter exception"—that is, "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). This exception bars "suits for 'injuries arising, directly or consequentially'" from the United States Postal Service's failure "'to deliver mail in a timely manner to the right address.'" *Najbar v. United States*, 649 F.3d 868, 870 (8th Cir. 2011) (quoting *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 487, 489 (2006)). Claims to which the postal-matter exception applies should be dismissed for lack of subject-matter jurisdiction. *Najbar*, 649 F.3d at 870.

Here, Plaintiff's claim is one explicitly barred by the postal-matter exception—a claim for injury arising from the United States Postal Service's failure to timely and correctly deliver this court's order in one of Plaintiff's cases pending before this court. Therefore, Plaintiff's claim must be dismissed for lack of subject-matter jurisdiction.[2]

IT IS ORDERED:

---

(Plaintiff's objection to Order dismissing case without prejudice for failure to file amended complaint, stating she never received Order allowing such amendment); Filing 13 (granting Plaintiff's objection, which was construed as Fed. R. Civ. P. 59(e) or 60(b) motion; allowing amended complaint to be filed within 30 days).

[2] Even if Plaintiff's claim was not barred under the above provisions, it would be dismissed for failure to exhaust her administrative remedies. *Nielsen v. United States*, 639 F. Supp. 2d 1020, 1023 (D. Neb. 2009) (describing FTCA administrative-exhaustion requirement, which is prerequisite to filing of FTCA claim).

1. This case is dismissed without prejudice for lack of federal subject-matter jurisdiction.

2. Judgment shall be entered by separate document.

DATED this 14th day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge